UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JEAN BUNDY,<br>    Plaintiff<br><br>VS.<br><br>WOODS HOLE, MARTHA'S VINEYARD<br>AND NANTUCKET STEAMSHIP<br>AUTHORITY,<br>    Defendant | CIVIL ACTION<br>No. 05-11426-DPW |

PLAINTIFF'S ASSENTED TO MOTION TO MODIFY SCHEDULING ORDER

NOW COMES the Plaintiff, and states as follows:

1. The Scheduling Order in this case set the following deadlines:

    April 7, 2006     fact discovery deadline

    April 7, 2006     plaintiff's expert disclosure/report due

    May 1, 2006      defendant's expert disclosure/report due

    May 26, 2006     expert depositions completed

    June 23, 2006    motions for summary judgment due

    July 27, 2006    scheduling/status conference

2. The Plaintiff and her husband are from near Dayton, Ohio. The Plaintiff is 64 years old, and has been on Social Security Disability since the early 1990's as a result of interstitial lung disease. Due to this condition, she must be on supplemental oxygen 24 hours per day. She receives her oxygen through Medicare. Her husband is retired.

3. The Plaintiff and her husband had gone to the Rio Grande Valley in south Texas (near the Mexican border) for her health for the entire winter last winter. That had worked out well for her, so they decided that they would spend future winters in Texas. They drive to Texas in their

camper, and live in the camper for the winter. This year, they plan to leave on December 19, 2005 and return the first week in April, 2006. The Plaintiff's counsel had been unaware of the Plaintiff's winter plans at the time of the Scheduling Conference.

4. The Plaintiff will have to come to Boston during the discovery process in order to attend her deposition and an IME. With enough lead time, defense counsel has customarily been able to arrange an IME for the day before or after an out of state plaintiff's deposition in order to minimize the inconvenience of out of state plaintiffs.

5. The parties had originally contemplating taking the Plaintiff's deposition in early December, but the Plaintiff's oxygen requirement and her status as a Medicare recipient, coupled with her pre-existing plans to spend the winter in Texas, created great logistical difficulties in arranging air travel. The Plaintiff, Plaintiff's counsel, and Plaintiff's counsel's secretary have spent the last 2 weeks trying to determine how this can be done while keeping the costs bearable for a person on a fixed income. This has proven to be very problematic.

6. Plaintiff's counsel had known that the Plaintiff was on Medicare and on oxygen 24 hours per day, but had no idea as to how complicated (and expensive) it was for an oxygen recipient to travel by air. If he had known how big of a problem this would be, he would have raised it at the Scheduling Conference.

7. In a nutshell, the problems are as follows. A person on oxygen cannot bring her own oxygen onto a plane. She must use the airline's oxygen, for an additional fee. She cannot bring her own oxygen bottles in her luggage. Nor can she bring her own oxygen past security at the airport without an additional clearance. The Plaintiff could get such a clearance at Cincinnati airport, but was not able to get such a clearance at Logan. Presumably, a clearance at Logan can be obtained with enough persistence, but she was unsuccessful. Unless she can get a clearance,

she would thus be without oxygen at Logan. Further, because the airlines will not transport oxygen in the luggage, a person on oxygen must make arrangements for an oxygen supplier at her new location. The Plaintiff's oxygen supplier in Ohio does not service Massachusetts, so it would have to hire a local company (that contracts with Medicare) to supply the Plaintiff with oxygen while she is here, at an additional fee. The Plaintiff and her husband are on fixed incomes, and it would be financially burdensome for them to bear those costs, as well as the ordinary costs of travel. Again, Plaintiff's counsel knew that the Plaintiff was on oxygen and Medicare, but, until he began investigating how a person on oxygen can travel by plane, he had no idea that it was so complicated. As complicated as these arrangements are with a non-stop flight from Cincinnati to Boston, they would be even more complicated (and expensive) with a 2 or 3 leg flight over the winter from McAllen, Texas, to Boston.

8.  The Plaintiff had assumed that she and her husband would drive here for her deposition and IME. That would allow her to avoid the costs of air travel and all of the related oxygen problems. However, even if she were going to be in Ohio this winter, driving from Ohio to Boston in the middle of the winter is a daunting and dangerous proposition.

9.  The Plaintiff would like to delay her appearance in Boston for her deposition and IME until early April. She and her husband would like to be able to drive directly from Texas to Boston in their camper, and then drive home to Ohio afterward.

10. Accordingly, the Plaintiff requests that the Court modify the scheduling order as follows:

| | |
|---|---|
| September 7, 2006 | fact discovery deadline |
| September 7, 2006 | plaintiff's expert disclosure/report due |
| October 1, 2006 | defendant's expert disclosure/report due |
| October 26, 2006 | expert depositions completed |

      November 23, 2006       motions for summary judgment due

Scheduling/status conference to be rescheduled to some date at the Court's convenience after November 23, 2006.

11.     This is a brief extension of time which would not delay the case significantly, and which would work substantial justice.  It would allow the Plaintiff, a disabled person on a fixed income, to get to Boston comfortably, conveniently, cost-effectively, and with an absolute minimum of hassle and worry.

12.     Counsel for the Plaintiff has discussed this with counsel for the Defendant, and the Defendant assents to this motion, contingent on the Plaintiff waiving pre-judgment interest for the 5 month extension.  The Plaintiff agrees to waive pre-judgment for that time if the Court grants this motion.

WHEREFORE, the Plaintiff respectfully requests that the Court modify the Scheduling Order as set forth in paragraph 10 above.

                                                        Respectfully submitted for the
                                                        the Plaintiff, Jean Bundy,
                                                        by her attorney,

                                                        /s/ David J. Berg, Esq.
                                                       David J. Berg, Esq.
                                                       Latti & Anderson LLP
                                                       30-31 Union Wharf
                                                       Boston, MA 02109
                                                       (617) 523-1000

CERTIFICATE OF SERVICE

  I hereby certify that on this date, I electronically filed the within document with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record.

              /s/ David J. Berg, Esq.
              David J. Berg, Esq.
              Latti & Anderson LLP
              30-31 Union Wharf
              Boston, MA 02109
              617-523-1000

Dated: December 19, 2005